United States Courts
Southern District of Texas
FILED

SEP 23 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>Plaintiff | §<br>§<br>§ | **H-04-3706**<br>CIVIL ACTION NO. _____ |
| v. | §<br>§<br>§ | |
| SAPARK ENTERPRISES, L.L.C. d/b/a<br>RAMADA INN PASADENA<br>Defendant. | §<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT

1. This is an action under Title VII of the Civil Rights Act of 1964, *as amended*, and Title I of the Civil Rights Act of 1991, *as amended*, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Lori Lambert and Tawna Giamalva and a class of female employees who were adversely affected by such practices. The Defendant, Sapark Enterprises, L.L.C. d/b/a Ramada Inn Pasadena unlawfully denied female employees equal employment opportunities by subjecting them to sexual harassment in violation of Title VII. Additionally, Defendant, in retaliation for their complaints about the sexual harassment, imposed adverse terms and conditions of employment on Ms. Lambert and Ms. Giamalva and other female employees resulting in their constructive discharge.

## JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. §2000e-5(f)(1) and

(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, *as amended,* 42 U.S.C. §1981A.

3.   Venue is proper in this court because the unlawful employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

4.   Plaintiff, the Equal Employment Opportunity Commission ("Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706 (f)(1) and (3), 42 U.S.C. §2000e-5 (f)(1) and (3).

5.   Defendant Sapark Enterprises, L.L.C. d/b/a Ramada Inn Pasadena ("Ramada Inn") has continuously been and is now doing business in the State of Texas and the City of Pasadena and has continuously had more than 15 employees. Ramada Inn may be served with process by serving its registered agent in Texas, Sat Parkash Sanger, 2349 Hill-N-Dale, Irving, Texas 75038.

6.   At all relevant times, Ramada Inn has continuously been an employer engaged in an industry affecting commerce with the meaning of Sections 701(b),(g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7.   More than thirty days prior to the institution of this lawsuit, Lori Lampert and Tawna Giamalva ("Charging Parties") filed a charges of discrimination with the Commission alleging violation of Title VII by Ramada Inn, their former employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2003, Ramada Inn has engaged in unlawful employment practices at its hotel located at 114 South Richey in Pasadena, Texas, in violation of Sections 703(a)(1) and 704(a) of Title VII.

9. Ramada Inn, by and through its agent, Romesh Garg, the food and beverage manager at the hotel, subjected Charging Parties and other female employees to unwelcome sexual propositions and comments, sexual gestures, and offensive touching because of their sex, female. Specifically, among other things, Mr. Garg pressured them to go out with him, repeatedly stared at their genitals and breasts, rubbed his genitals while staring at their breasts, asked females to come to his room in the hotel (impliedly for sex), hugged female employees and kissed or attempted to kiss them. He would make inappropriate and unwelcome sexual remarks to them as well. Female employees who resisted his advances were threatened with a cut in their work hours. The sexual harassment was repeatedly reported to management at Ramada Inn, yet no effective action was taken to halt the harassment. On several occasions, the sexual harassment was observed by the owner of the hotel, who did nothing to stop Mr. Garg from engaging in this inappropriate and illegal behavior. The complained of conduct was so sexually hostile and occurred with such frequency and severity that it affected the terms, conditions, benefits and privileges of employment and created a hostile work environment.

10. Charging Parties, as other women had before them, complained to management about the sexual harassment. In retaliation for having resisted the sexual harassment and/or complaining about it, Charging Parties and the other female employees subjected to this sexual harassment had their hours substantially cut, had their work intensely scrutinized and had other adverse terms and conditions of employment imposed

on them. As a result of these retaliatory actions, they were constructively discharged from their employment with Ramada Inn.

11.     Charging Parties and other female employees were subjected to a series of separate, harassing acts that collectively constituted an unlawful employment practice.

12.     The unlawful employment practices complained of above were intentional and based on the gender of Charging Parties and the other female employees.

13.     The effect of the practices complained of above has been to depriveCharging Parties and other female employees of equal employment opportunities and otherwise adversely affected their status as employees, because of their gender, by requiring them to be subjected to sexual harassment in the workplace.

14.     The unlawful employment practices described above were committed with malice or with reckless indifference for the federally protected civil rights ofCharging Parties and other female employees.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

15.     Grant a permanent injunction enjoining Ramada Inn, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of sex;

16.     Order Ramada Inn to institute and carry out policies, practices and procedures which provide equal employment opportunities for women and which eradicates the sexually hostile work environment;

17.     Order Ramada Inn to make Charging Parties whole by providing appropriate back pay, with prejudgment interest in amounts to be determined at trial, and other

affirmative relief necessary to eradicate the effects of the unlawful employment practices they were subjected to;

18. Order reinstatement into a comparable positions for Charging Parties or award front pay in the amounts to be proven at trial if reinstatement is impractical;

19. Order Ramada Inn to make whole those females who were constructively discharged from their employment as a result of the sexual harassment by providing appropriate back pay to them, with prejudgment interest in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices they were subjected to;

20. Order reinstatement into comparable positions for each of the class of females who were constructively discharged from their employment as a result of the sexual harassment or award front pay in the amounts to be proven at trial, if reinstatement is impractical;

21. Order Ramada Inn to pay compensatory damages to Charging Parties and to each of the class of females subjected to sexual harassment in the workplace for their past and future pecuniary losses resulting from the unlawful employment practices described above;

22. Order Ramada Inn to pay compensatory damages to Charging Parties and to each of the class of females subjected to sexual harassment in the workplace for their past and future non-pecuniary losses including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses they suffered as a result of the unlawful employment practices described above, in amounts to be proven at trial;

23. Award punitive damages to Charging Parties and to each of the class of female employees of Ramada Inn subjected to the unlawful employment practices described above, in amounts to be proven at trial;

24. Award pre-judgment and post-judgment interest on all amounts recovered as allowed by law;

25. Order all affirmative relief necessary to eradicate the effects of its unlawful employment practices;

26. Award the Commission its costs in this action; and

27. Grant such other and further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

28. The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

ERIC S. DREIBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

1801 L. Street, N.W.
Washington, D.C.  20507

By: _____
Kathy D. Boutchee
Attorney-in-Charge
TBN: 02717500
SDN: 10145
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399
Fax: (713) 209-3402

ATTORNEYS FOR PLAINTIFF


OF COUNSEL

_____
Jim Sacher
Regional Attorney
Houston District Office
1919 Smith, 7th Floor
Houston, Texas 77002
(713) 209-3398
Fax: (713) 209-3402

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DEFENDANTS
SAPARK ENTERPRISES, L.L.C. d/b/a RAMADA INN PASADENA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kathy Boutchee, Trial Attorney
EEOC-Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
(713) 209-3399

ATTORNEYS
United States Courts
Southern District of Texas
FILED
SEP 23 2004
Michael N. Milby, Clerk of Court

H-04-3706

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

[x] 1 U.S. Government Plaintiff
[] 2 U.S. Government Defendant
[] 3 Federal Question (U.S. Government Not a Party)
[] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Sapark Enterprises, L.L.C. d/b/a Ramada Inn Pasadena engaged in unlawful employment practices by subjecting Lori Lambert and Tawna Giamalva and a class of female employees to sexual harassment in violation of Title VII. Ms. Lambert and Ms. Giamalva, and other female employees were also constructively discharged in retaliation for their complaints about the sexual harassment.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [] 610 Agriculture | [] 422 Appeal 28 USC 158 | [] 400 State Reapportionment |
| [] 120 Marine | [] 310 Airplane | [] 362 Personal Injury--Med Malpractice | [] 620 Other Food & Drug | [] 423 Withdrawal 28 USC 157 | [] 410 Antitrust |
| [] 130 Miller Act | [] 315 Airplane Product Liability | [] 365 Personal Injury--Product Liability | [] 625 Drug Related Seizure of Property 21 USC 881 | | [] 430 Banks and Banking |
| [] 140 Negotiable Instrument | [] 320 Assault, Libel & Slander | [] 368 Asbestos Personal Injury Product Liability | [] 630 Liquor Laws | PROPERTY RIGHTS | [] 450 Commerce/ICC Rates/etc |
| [] 150 Recovery of Overpayment & Enforcement of Judgment | [] 330 Federal Employers' Liability | | [] 640 R R & Truck | [] 820 Copyrights | [] 460 Deportation |
| [] 151 Medicare Act | [] 340 Marine | PERSONAL PROPERTY | [] 650 Airline Regs | [] 830 Patent | [] 470 Racketeer Influenced and Corrupt Organizations |
| [] 152 Recovery of Defaulted Student Loans (Excl Veterans) | [] 345 Marine Product Liability | [] 370 Other Fraud | [] 660 Occupational Safety/Health | [] 840 Trademark | [] 810 Selective Service |
| [] 153 Recovery of Overpayment of Veteran's Benefits | [] 350 Motor Vehicle | [] 371 Truth in Lending | [] 690 | | [] 850 Securities/Commodities/Exchange |
| [] 160 Stockholders' Suits | [] 355 Motor Vehicle Product Liability | [] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [] 875 Customer Challenge 12 USC 3410 |
| [] 190 Other Contract | [] 360 Other Personal Injury | [] 385 Property Damage Product Liability | [] 710 Fair Labor Standards Act | [] 861 HIA (1395ff) | [] 891 Agricultural Acts |
| [] 195 Co | | | [] 720 Labor/Mgmt Relations | [] 862 Black Lung (923) | [] 892 Economic Stabilization Act |
| | CIVIL RIGHTS | PRISONER PETITIONS | [] 730 Labor/Mgmt Reporting & Disclosure Act | [] 863 DIWC/DIWW (405(g)) | [] 893 Environmental Matters |
| REAL PROPERTY | [] 441 Voting | [] 510 Motions to Vacate Sentence Habeas Corpus | [] 740 Railway Labor Act | [] 864 SSID Title XVI | [] 894 Energy Allocation Act |
| [] 210 Land Condemnation | [x] 442 Employment | [] 530 General | [] 790 Other Labor Litigation | [] 865 RSI (405(g)) | [] 895 Freedom of Information Act |
| [] 220 Foreclosure | [] 443 Housing/Accommodations | [] 535 Death Penalty | [] 791 Empl Ret Inc Security Act | | [] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [] 230 Rent Lease & Ejectment | [] 444 Welfare | [] 540 Mandamus & Other | | FEDERAL TAX SUITS | [] 950 Constitutionality of State Statutes |
| [] 240 Torts to Land | [] 440 Other Civil Rights | [] 550 Other | | [] 870 Taxes (U.S. Plaintiff or Defendant) | [] 890 Other Statutory Actions |
| [] 245 Tort Product Liability | | | | [] 871 IRS--Third Party 26 USC 7609 | |
| [] 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

[x] 1 Original Proceeding
[] 2 Removed from State Court
[] 3 Remanded from Appellate Court
[] 4 Reinstated or Reopened
Transferred from
[] 5 another district (specify)
[] 6 Multidistrict Litigation
Appeal to District
[] 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
[] UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint:
JURY DEMAND: [X] YES [] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 9/23/04
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT